Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH BENZA,<br><br>Plaintiff,<br><br>v.<br><br>SUNSTRONG MANAGEMENT, LLC; LAUNCH SERVICING, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1) This is an action for damages brought by individual consumers against Defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA") and the California Consumer Credit Reporting Agencies Act, Civil Code §1785.1 *et seq.* ("CCRAA") both of which prohibit unlawful credit reporting.

//

//

//

## II. JURISDICTION AND VENUE

2) Jurisdiction of this Court arises under 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3) Plaintiff is a natural person residing in the State of California, County of Riverside.

4) Defendant SUNSTRONG MANAGEMENT, LLC ("Sunstrong") is a company doing business in the state of California operating from the address of 20 Greenway Plaza, Suite 450, Houston, TX 77046. Sunstrong is a company who in the ordinary course of business regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies about the company's own transactions or experiences with one or more consumers as defined in California Civil Code §1785.25.

5) Defendant LAUNCH SERVICING, LLC ("Launch Servicing") is a company doing business in the state of California operating from the address of 420 W. Broadway, 20th Floor, San Diego, CA 92101. Launch Servicing is a company who in the ordinary course of business regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies about the company's own transactions or experiences with one or more consumers as defined in California Civil Code §1785.25.

6) Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") at all times relevant was a corporation doing business in Riverside County, California operating from an address at 475 Anton Blvd., Costa Mesa, CA 92626. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. Experian disburses such consumer reports to third parties under contract for monetary compensation.

7) Defendant EQUIFAX INFORMATION SERVICES, LLC ("Equifax") at all times relevant was a limited liability company doing business in Riverside County, California operating from an address at 1550 Peachtree Street NW, H46, Atlanta, GA 30309. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

8) Defendant TRANS UNION LLC ("Trans Union") at all times relevant was a limited liability company doing business in Riverside County, California operating from an address at 555 W Adam St., Chicago, IL 60661. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

9) The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these Defendants by such fictitious names. Plaintiff are informed and believe, and allege that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff request that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

//

//

## IV. FACTUAL ALLEGATIONS

10) In or around 2023, Plaintiff had discussions with Sunnova Energy for a solar installation of approximately twenty solar panels at his property (the "Project").

11) Plaintiff did not proceed with financing with Sunnova for the Project and no funds were disbursed by Sunnova and there was no account with Sunnova for the Project.

12) The Project was subsequently financed entirely by a separate lender, Everbright LLC which paid the installing contractor Sol Nova Electric LLC directly with documented payments totaling $27,320.92.

13) Plaintiff has been making payments to Everbright for approximately two years.

14) Sunnova never funded the Project, never disbursed any funds to the contractor, and never extended credit. The installing contractor confirmed they received no funds from Sunnova or any successor entity.

15) Based on information and belief, servicing and/or sub-servicing rights were assigned to Sunstrong and/or Launch Servicing ("the Furnishers") following Sunnova's bankruptcy.

16) Despite there not being an account with Sunnova or the Furnishers, the Furnishers reported a balance due on an alleged account when there was no such account in existence; the false information was reported with Experian, Equifax, and Trans Union (collectively known as the Credit Reporting Agencies, "the CRAs").

17) By reporting that Plaintiff was late on an account that never existed, it damaged Plaintiff's credit and lowered his credit score.

18) Launch Servicing reported that Plaintiff was past due which was inaccurate.

19) Launch Servicing in fact reported multiple accounts to Plaintiff's credit file which was inaccurate as there was not even one valid account.

20) Sunstrong reported Plaintiff had a balance due which was inaccurate.

21) Plaintiff disputed the false information with the Furnishers.

22) Plaintiff further sent written disputes to the CRAs explaining the nature of the dispute and the reasons the information was incorrect.

23) The CRAs notified the Furnishers of the disputes.

24) The Furnishers and the CRAs failed to conduct reasonable investigations into Plaintiff's disputes and continued to report the inaccurate information regarding the account to his credit file and failed to notate the account as disputed.

25) The CRAs negligently produced consumer reports with respect to Plaintiff's credit that contain the false information.

26) The CRAs further negligently failed to maintain reasonable procedures designed to avoid the reporting of the false information.

27) As a result of Defendants' conduct, Plaintiff's credit worthiness has been damaged significantly.

28) Plaintiff suffered emotional distress, worry, and frustration.

## V. FIRST CLAIM FOR RELIEF

### (Against All Defendants for Violations of the FCRA)

29) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

30) The CRAs violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

31) The CRAs violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit files after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to the Furnishers; and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit files.

32) The Furnishers violated 15 U.S.C. §1681s-2(b) by furnishing the false information after Plaintiff's disputes; by failing to fully and properly investigate Plaintiff's disputes; by failing to review all relevant information regarding same; by failing to accurately respond to the CRAs; failing to report the account was disputed and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the false

information to CRAs.

33) The Defendants' unlawful conduct damaged Plaintiff as referenced above.

34) The Defendants' unlawful conduct was willful.

35) Plaintiff is entitled to recover damages under 15 U.S.C. §§1681n and/or 1681o.

36) Plaintiff is further entitled to recover costs and attorneys' fees pursuant to 15 U.S.C. §§1681n and/or 1681o.

## VI. SECOND CLAIM FOR RELIEF

## (Against All Defendants for Violation of the CCRAA)

37) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

38) Defendants violated the CCRAA, by including but not limited to, the following:

(a) The CRAs violated California Civil Code §1785.14(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff;

(b) The CRAs violated California Civil Code §1785.16 by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file; and

(c) The Furnishers violated California Civil Code §1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency that the Furnishers knew or should have known was incomplete or inaccurate.

39) Defendants' acts as described above were done negligently and/or intentionally with the purpose of coercing Plaintiff to pay the alleged debts.

40) As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

41) Defendants' violations were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and

costs pursuant to California Civil Code §1785.31.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, and each of them, for the following:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys' fees;

(e) For such other and further relief as the Court may deem just and proper.

Date: August 19, 2026

__s/ Jeremy S. Golden__________________________
Jeremy S. Golden,
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Date: August 19, 2026

__s/ Jeremy S. Golden__________________________
Jeremy S. Golden,
Attorney for Plaintiff